IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO GATICA, ON BEHALF OF HIMSELF AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN,<br><br>Plaintiff,<br><br>v.<br><br>MANFREDINI LANDSCAPING AND DESIGN CO., AN ILLINOIS CORPORATION<br><br>Defendant. | N<sup>o.</sup> 1:20-cv-<br><br>Honorable Judge<br><br>Magistrate Judge<br><br>**_JURY DEMAND_** |

## COMPLAINT

NOW COMES Plaintiff, **PEDRO GATICA,** ("Plaintiff"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN, SAMUEL D. ENGELSON OF THE BILLHORN LAW FIRM, and for his Complaint against Defendant, **MANFREDINI LANDSCAPING AND DESIGN CO.**, states as follows:

### I.    NATURE OF ACTION

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

### II.    JURISDICTION AND VENUE

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the

employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

### III.  THE PARTIES

3.  Defendant, **MANFREDINI LANDSCAPING AND DESIGN CO.,** owns and operates a landscaping business located at 14101 W. Lambs Lane, Libertyville, Illinois. Defendant, **MANFREDINI LANDSCAPING AND DESIGN CO.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonable inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.  Plaintiff, **PEDRO GATICA** (hereinafter referred to as "Plaintiff") is a former employee of Defendant who, between approximately April 2014 and December 2018, was employed seasonally (approximately March to January of the following year) by Defendant as a landscaper. The named Plaintiff performed work before and after shifts that was not recorded or accounted for by Defendant's time keeping system (hereinafter referenced as "work off the clock"). In some instances, the work off the clock as described above should have been compensated at time and one-half Plaintiff's regular hourly rates because if the unpaid time was properly treated as compensable, Plaintiff would have worked over forty (40) hours in particular workweeks. In other instances, the work off the clock should have been compensated at Plaintiff's regular hourly rates pursuant to the requirements of the federal and state statues herein relied upon.

5. Furthermore, several times per season, Plaintiff experienced unauthorized deductions from his paychecks for uniforms. These unauthorized deductions were unlawful and without written authorization by the named Plaintiff and/or, said authorization failed to include other notifications such as the right to voluntary withdrawal as required by Illinois law.

6. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who work or worked for Defendant and performed work off the clock which, had the time been properly treated as compensable, should have been compensated at either time and one-half their regular hourly rates when they worked over forty hours in particular workweeks. In other instances, the unpaid time should have been compensated at the regular hourly rates of the Plaintiff Class. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

7. Additionally, several times per season, like the named Plaintiff, the Plaintiff Class experienced unauthorized deductions from their paychecks for uniforms. Under Illinois law, these unauthorized deductions were unlawful and without written authorization by the members of Plaintiff Class and/or, said authorization failed to include other notifications such as the right to voluntary withdrawal.

## IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of

himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Illinois Wage Payment and Collection Act**

10. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiff to recover from Defendant unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

V.   **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

11. Plaintiff, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

12. Plaintiff was employed by Defendant from approximately April 2014 to December 2018 on a seasonal basis. Each season typically began in March and ended in January of the next year.

13.     Plaintiff was employed as an hourly landscaper and performed duties related to landscaping (planting trees and flowers, marking out areas for planting, installing sod, etc.), as well as additional duties such as driving the work truck from Defendant's work sites, loading/unloading and gassing the truck, etc.

14.     Plaintiff's minimum schedule was the following: 7:00 a.m. to 4:00 p.m. Monday through Friday, but often starting at 6:45 a.m. and working as late as 5:00 p.m.. Plaintiff took an unpaid meal break during shifts but on various occasions to be shown by the evidence, was often interrupted by supervisors and required to resume working prior to the completion of the unpaid meal break.

15.     During Plaintiff's employment with Defendant, he was paid approximately $20 an hour. In 2018, Plaintiff received a raise to $21 per hour.

16.     Plaintiff, on a regular basis within the dates of employment referenced above, was required by Defendant to perform work off-the-clock before and after scheduled shifts that resulted in Plaintiff failing to receive both overtime and straight time compensation for unrecorded hours worked up to and, in excess of, forty (40) hours in a work week pursuant to the requirements of the federal and state statutes relied upon herein.  Members of the Plaintiff Class also experienced the same or similar work of the clock.

17.      During his regular schedule, Plaintiff typically started working around 6:45 a.m. a.m. but usually was not allowed to clock in until 7:00 a.m. Plaintiff was required to be at the shop at this time to load and gas the truck, receive instructions, review job duties and travel to the first job site. Plaintiff typically completed work at his final daily job site around 3:30 p.m. However, Plaintiff and his fellow co-workers had to drive to the company shop after completing work at the final site. They would arrive at the company shop, unload the trucks

5

and finish at approximately 4:30 p.m., depending on traffic. Defendant did not compensate Plaintiff's travel time and required him to unload the truck upon arrival to the shop. The experiences of the named Plaintiff were common to all landscaping laborers employed by Defendant and Defendant failed to compensate Plaintiff and other landscaping laborers for the work described herein.

18. Additionally, Plaintiffs and all similarly situated members of the Plaintiff class, experienced unauthorized deductions from their paychecks for uniforms that were required by Defendant to be worn during shifts. Defendant's uniform requirement was solely for the benefit of the Defendant. These unauthorized deductions were unlawful and without valid written authorization by the named Plaintiffs and members of the Plaintiff class at the time each deduction was made, as required by Illinois law.

19. Defendant typically deducted $4.45 for uniforms from every paycheck paid to Plaintiff as well as other landscape laborers. Defendant never received from Plaintiff, or members of the Plaintiff Class, a compliant uniform deduction authorization form as required by law.

20. Plaintiff, and members of the Plaintiff Class, worked in excess for forty (40) hours in at least one workweek during his dates of employment without pay at a rate of time and one half his regular hourly rates of pay for such hours.

21. Plaintiff, and members of the Plaintiff Class, were denied time and one half their regular rates of pay for hours worked over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

22. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation

is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR Part 516. To the extent Defendant lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

23. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

24. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-24. Paragraphs 1 through 24 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 24 of this Count I.

25. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

26. Defendant has at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-26. Paragraphs 1 through 26 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of Count II.

27. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

28. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-28. Paragraphs 1 through 28 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 28 of Count III.

29. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

30. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-30. Paragraphs 1 through 30 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 30 of this Count IV.

31. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

32. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

33. Defendant's failure to pay compensation as described above has been willful and/or in bad faith.

34. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant to pay Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute.

(e) for such additional relief the Court deems appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-34. Paragraphs 1 through 34 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of this Count V.

35. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

36. Plaintiff, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

37. The Defendant was an "employer" under the IWPCA, 820 ILCS § 115/2.

38. During the course of Plaintiff's and the Plaintiff class' employment, Defendant made deductions from Plaintiff's wages for uniform costs, several times throughout the season.

39. Such deductions (1) were not required by law; (2) were not to Plaintiff's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant authorization form, signed and dated by Plaintiffs.

40. Defendant violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiffs' wages.

41. Plaintiffs were damaged by Defendant's violation of the IWPCA.

42. Plaintiff seeks certification of the IWPCA violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding them:

(a) A judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due Plaintiff;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

  (c) directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

  (d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 01/14/2020*

*s/John W. Billhorn*
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.